# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARRIN L. FERGUSON,**

    **Plaintiff,**

                                  Case No. 04-C-181

    **v.**

**MEDICAL COLLEGE OF WISCONSIN,**

    **Defendant.**

## ORDER REGARDING ALL PENDING MOTIONS

Upon the Stipulation filed by counsel herein and upon all of the papers, pleadings and proceedings herein,

**IT IS HEREBY ORDERED:**

1. Mr. Ferguson will sign releases granting Defendant access to the documents Defendant has previously subpoenaed from third parties.

2. The Plaintiff's motion to quash these subpoenas is withdrawn.

3. Defendant will immediately send copies of any and all documents received from third parties pursuant to its subpoenas to Ms. McNamara-McGraw and Mr. Olson.

4. All documents received from third parties pursuant to Defendant's subpoenas will be designated as confidential and handled in accordance with Civ. L.R. 26.4.

5.    The Defendant will produce for the Plaintiff's use tape copies of its e-mail server backup tapes for the time period from December 1, 2001 through July 31, 2002 that contain copies of any e-mails to or from Kriegel, Kunert, Dwinell, Privett, Labiecki and Cowley with any relation to Mr. Ferguson. These tapes will be produced in three phases. The first group will be produced within 30 days of the date of this order; the second group will be produced 21 days after the first group; and the third group will be produced 21 days after the second group. These tapes, and any and all documents reproduced therefrom, shall be designated as confidential and handled in accordance with Civ. L.R. 26.4.

In addition, the Parties represent that these tapes may contain personally identifiable health information as defined under HIPAA that is not relevant to this case, but that cannot be removed or segregated from the tapes prior to production without an unduly burdensome expenditure of time and resources by Defendant. Accordingly, the following additional restrictions will apply. First, Plaintiff may not restore any sessions on the tapes other than e-mail sessions. Second, any and all documents obtained through the restoration of the e-mail sessions must first be reviewed by Attorney Jeff Scott Olson, on an attorney's-eyes-only basis, to locate only those e-mails specifically requested. Only the specific e-mails requested may be retained by Plaintiff and utilized in this litigation. Any other e-mails or attachments, and the tape copies themselves, will be promptly returned to Defendant. Copies of all documents retained by Plaintiff shall also be promptly sent to defense counsel. Plaintiff's counsel may also be asked to sign a

-2-

Business Associate Agreement with Defendant.

6. No sooner than 21 days after the production of the final set of tapes discussed in Paragraph 5 and no later than 30 days after the production, Defendant will produce Dr. Mary Pat Kunert for a continued deposition.

7. Upon receipt of appropriate authorizations pursuant to Wis. Stats. § 103.13 signed by Maurice Jones and Austin Brill from Plaintiff's counsel, Defendant will produce, by sending copies to Plaintiff's counsel, all personnel documents within the meaning of Wis. Stats. § 103.13 maintained on Maurice Jones and Austin Brill.

8. On an agreed date within 30 days of the date of this order, the Defendant shall permit Plaintiff's counsel Jeff Scott Olson to visit the site of Mr. Ferguson's employment and photograph it, including the PGA Labs, the storage room, the analysis room and the HMG Center. Any photographs taken during this visit shall be designated as confidential and treated in accordance with Civ. L.R. 26.4. Materials and copies of any photographs not immediately discarded also shall be provided to defense counsel forthwith.

9. The Final Pretrial Conference previously scheduled for August 22, 2005, and the Trial previously scheduled for October 11, 2005, are hereby removed from the calendar, but the time set aside for the Final Pretrial Conference on August 22, 2005, will be used for a telephonic scheduling conference. At this conference, the Court will establish a new deadline for the submission of any motion for summary judgment, and new dates for the Final Pretrial Conference and Trial.

10. Based on the parties' stipulation, all motions pending before the Court as of this date are deemed withdrawn, with the exception of Docket No. 34, the defense motion

for an order requiring Veterans Administration National Personnel Records Center to produce records, and this motion is granted. The matters raised in the withdrawn motions are deemed resolved by this order, but neither party is foreclosed from seeking, by appropriate motion, relief from the court on matters not previously made the subject of a motion and thus not resolved by this order.

11. The production of documents and things by a party pursuant to this order shall not constitute a waiver of any objection to their use or admissibility.

Dated at Milwaukee, Wisconsin this 11th day of August, 2005.

BY THE COURT:

s/ Rudolph T. Randa

_____

Hon. Rudolph T. Randa
Chief Judge